

30 South Pearl Street, Suite 901
Albany, NY 12207

p: 518-396-3100   f: 518-396-3101
hinckleyallen.com

Mitchell R. Edwards
medwards@hinckleyallen.com

May 3, 2024

<u>**VIA ECF**</u>

The Honorable Robert Kirsch
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      RE:    ***The Beverage Works NY, Inc. v. Red Bull North America, Inc.,***
              **Case No. 3:24-cv-05745-RK-JBD (D. N.J.)**

Your Honor:

      I write on behalf of Plaintiff The Beverage Works NY, Inc. ("Beverage Works"), in response to the May 1, 2024, letter filed on behalf of Defendant Red Bull North America, Inc. ("RBNA"), Dkt. No. 12.  RBNA's letter is an improper substitute for a pleading responsive to Beverage Works' emergency motion for a preliminary injunction and temporary restraining order (Dkt. No. 4), and should be disregarded.  We are compelled, however, to respond to inaccuracies and address omissions in RBNA's letter.

      First, although RBNA acknowledges that "[t]he facts are straightforward" (Dkt. No. 12 at 1), RBNA makes no argument to dispute that its unlawful termination of the parties' Distribution Agreement "without cause" is expressly prohibited by the New Jersey Franchise Practices Act, N.J.S.A. § 56:10-1, *et seq*. ("NJFPA"), beyond a footnote assertion that the NJFPA "does not apply."  In the Verified Complaint, Beverage Works seeks declaratory relief and attorneys' fees, both of which are expressly authorized under the NJFPA.  It is telling that RBNA makes no attempt to address the legal basis upon which Beverage Works seeks injunctive relief.

      Second, RBNA attempts to characterize Beverage Works' actions in response to RBNA's violation of law as "inconsistent with wanting to or being able to stay in business" and as evidence that preliminary injunctive relief is not appropriate. *See* Dkt. No. 12 at 2. It is absurd for RBNA to suggest that reasonable business actions and necessary steps taken by Beverage Works *in response to RBNA's improper termination attempt* constitute grounds for denying preliminary relief.  The uncertainty created by RBNA for Beverage Works' employees—exacerbated by RBNA's attempts to recruit them to work for RBNA's intended successor distributor in the territory, Red Bull Distribution Company ("RBDC")—was *created by RBNA* and caused directly by the notice of termination.  Beverage Works understood that news of the attempted termination would become public and, naturally, informed its employees of RBNA's attempted action. But Beverage Works

The Hon. Robert Kirsch
May 3, 2024
Page 2

announced to employees only that it had received a notice of termination and was exploring options; it has not communicated to employees that Beverage Works was winding down or that RBDC would be "taking over."  In light of RBNA's attempt to terminate the Distribution Agreement without cause, Beverage Works has done its best to respond to the circumstances, while continuing to successfully operate its business.  A franchisor cannot be permitted to attempt to put a franchisee out of business and then rely on the resulting harm as evidence that the franchisee is unable to stay in business and is unworthy of preliminary injunctive relief.

Moreover, RBNA's suggestion that Beverage Works is "winding down and will not be able to service accounts" by the date that RBNA wishes to see its unlawful termination fully completed is simply wrong. Indeed, despite the disorder created by RBNA's actions, Beverage Works continues to employ hundreds of people, continues to service accounts daily and open *new accounts*, and Beverage Works' business continues to thrive:

- Beverage Works continues to employ more than 330 employees (if RBNA's termination attempts were successful, Beverage Works will have no choice but to terminate or lay off employees across its operations).
- In April 2024, Beverage Works sales grew 14.5% as compared to the prior year. April 2024 was the highest sales volume in April in the history of the business.
- Beverage Works continues to service existing accounts, secured 25 new accounts during April 2024 alone, and continues to secure additional shelves in locations that it services.
- In April 2024, Beverage Works continued to launch Red Bull Summer Edition displays and additional points of distribution in Walmart stores, and continued to secure hundreds of Red Bull displays in stores like Walgreens, Stop & Shop, Dollar General, Wawa, and Key Food.
- Beverage Works has continued performing on behalf of RBNA, even advancing "prebook" program efforts to secure volume at locations *after* June 2, 2024, evidencing Beverage Works intent to continue distributing Red Bull products if RBNA's attempt to unlawfully terminated the Distribution Agreement is halted.

Third, RBNA baselessly claims that Beverage Works created the emergent situation by not filing a motion for preliminary injunction and request for a temporary restraining sooner. Dkt. No. 12 at 2. As RBNA is well aware, Beverage Works repeatedly informed RBNA that its conduct was wrongful and expressly notified RBNA on March 27, 2024—just eight days after the termination notice on March 19, 2024—that its attempt to terminate the Distribution Agreement violated the NJFPA and that Beverage Works reserved all right to pursue claims concerning same. Beverage Works engaged  in good faith in business-to-business discussions at RBNA's request.  As RBNA concedes in its own letter attached to Dkt. No. 12, RBNA did not confirm until April 17, 2024 that it would not stand down from its attempt to unlawfully terminate the Distribution Agreement, and Beverage Works promptly sought relief from this Court soon after on April 30, 2024.[1]  RBNA's

---

[1] Contrary to RBNA's representation in its letter, counsel for Beverage Works provided notice to RBNA's counsel prior to filing the order to show cause.

The Hon. Robert Kirsch
May 3, 2024
Page 3

suggestion that Beverage Works somehow caused delay in relation to mediation is equally unavailing.  The parties are contractually obligated to submit disputes to mediation conducted by the office of the American Arbitration Association (and <u>not</u> the mediation services proposed by RBNA's counsel in mid-April).  Beverage Works complied with the contractual requirement by submitting the dispute to mediation in accordance with the express contractual terms.

Finally, RBNA's letter asserts that a preliminary injunction to preserve the status quo would harm RBNA (despite that Beverage Works has provided service to RBNA for over two decades). *See* Dkt. No. 12 at 2. Specifically, RBNA claims that in anticipation of completing the unlawful termination of Beverage Works it has extended new offers of employment, purchased or leased trucks, signed leases, and notified retailers. *Id.*, at 2-3. RBNA is not the successor distributor, non-party RBDC is.  These claimed investments in anticipation of RBNA's violation of the NJFPA were made by RBDC, not by RBNA. Thus, RBNA attempts to rely on alleged harm to an entity that is *not even a party* to this matter to suggest that the purported harm to RBNA outweighs the total destruction of Beverage Works' business.  This contention is meritless.

Beverage Works respectfully requests the Court issued the order to show cause with temporary restraining order to prevent RBNA from taking any further action toward terminating the Distribution Agreement or interfering with Beverage Works' rights thereunder, or under the NJFPA, before argument can be heard.

Very truly yours,

HINCKLEY ALLEN & SNYDER LLP

Mitchell R. Edwards

cc: All Counsel Of Record (via ECF)