# EXHIBIT R



March 27, 2024

Bill Connors (by email)
Executive Vice President/General Manager
Red Bull North America, Inc.

**Re:    Notice of Termination**

Dear Bill:

<span style="color:red">**REDACTED PURSUANT TO FRE 408**</span>

On March 19, 2024, Red Bull North America, Inc. ("RBNA") informed The Beverage Works NY, Inc. ("Beverage Works") that RBNA seeks to terminate the written Distribution Agreement dated July 11, 2008 between Beverage Works and RBNA (the "Distribution Agreement"), effective June 3, 2024, thereby ending Beverage Works' right to distribute RBNA's products in New Jersey and New York (the "Territory").  The purported termination of the Distribution Agreement is without cause and without any justification.  It is therefore a violation of the New Jersey Franchise Practices Act ("NJFPA").

The parties have a written agreement, the Distribution Agreement.  There can be no doubt that RBNA granted Beverage Works a license to use RBNA's intellectual property pursuant to the Distribution Agreement.  Over the parties' course of conduct during past twenty-four (24) years, it is clear that a community of interest exists between RBNA and Beverage Works.

Beverage Works formed in 2000 solely for the purpose of distributing RBNA's products in the Territory.  Beverage Works has grown the Red Bull product in the most dynamic market in the United States.  Today, Beverage Works is the largest RBNA distributor in the United States (by volume), and perhaps in the world.  As a result of Beverage Works' efforts, Red Bull is the top-selling energy drink in the Territory and enjoys double the market share of RBNA's top competitor, Monster.  The strength of sales in the Territory is due to its specialized focus on the Red Bull product in a complex market and its significant investments in the Red Bull distribution business in response to RBNA's demands.



Beverage Works has spent decades building the Red Bull brand in the Territory by investing in people, infrastructure, and operations.  Specifically, Beverage Works invested in five strategically located distribution centers, including centers located in New Jersey, as contemplated under the Distribution Agreement.

The Distribution Agreement expressly requires Beverage Works to make substantial investments that will have no utility outside the distribution of Red Bull products.  In addition, RBNA required Beverage Works employees to attend Red Bull trainings, and Beverage Works was required to upgrade its facilities to the "Red Bull Culture."  RBNA's financial demands on Beverage Works extended beyond Beverage Works' day-to-day business.  RBNA required Beverage Works to purchase a skybox for the New York Red Bulls soccer club.  Beverage Works made these payments to demonstrate its commitment to the RBNA relationship, a commitment that RBNA apparently had no intention of honoring.  Beverage Works made these investments in good faith and with the express knowledge of RBNA.

Beverage Works' sole product is Red Bull.  Over the years, Beverage Works attempted to add other products to its distribution business, but RBNA would not approve any additional products.  As a result, Beverage Works and its 350+ workers rely entirely on the distribution of Red Bull products.  RBNA is very much aware of this reliance.

For these reasons, Beverage Works disputes RBNA's right to terminate the Distribution Agreement without cause.  Beverage Works also disputes RBNA's right to terminate without adequate notice. The notice period of sixty (60) days is insufficient under applicable state laws to adequately notice a mass termination event.

Beverage Works also notes that it maintains an excellent working relationship with Local 713.  Beverage Works cannot predict how Local 713 will react to the termination and RBNA's position as a successor to Beverage Works.

REDACTED PURSUANT TO FRE 408



**REDACTED PURSUANT TO FRE 408**

Absent agreement on acceptable terms, Beverage Works has no choice but to pursue its remedies in court.

**REDACTED PURSUANT TO FRE 408**

Beverage Works reserves all rights, including the right to raise claims and defenses not contained in this letter.

Sincerely,

Mark Ponsiglione

cc:    Jennifer V. Doran, Esq.
       Christopher V. Fenlon, Esq.
       Justin Klein, Esq.

       Legal Department
       1740 Stewart Street
       Santa Monica, CA 90404

